```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ELISA PROSPERO, | CIVIL ACTION NO. 06-6121 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| THE WOODS AT MASSACHUSETTS CONDOMINIUM ASSOCIATION, et al., |  |
| Defendants. |  |

**THE COURT** having ordered the plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3, 1-9-07 Order to Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action brought (1) on December 20, 2006, (2) to recover damages for personal injuries, and (3) against the defendants, The Woods at Massachusetts Condominium Association ("WMC"), JCR Management Services, Inc. ("JCR"), Homes For All, Inc. ("HFA"), EZ Driveways ("EZD"), and Riverdale Site & Utility Company ("RSU") (Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and the plaintiff (1) asserting jurisdiction under Section 1332 (Compl., at 2), and (2) bearing the burden of demonstrating jurisdiction, see McCracken v. Murphy, 129 Fed.Appx. 701, 702 (3d Cir. 2005); and

**THE PLAINTIFF** alleging that she is a Pennsylvania citizen (Compl., at 1); but it appearing that the plaintiff may be a New Jersey citizen;[1] and

**IT APPEARING** that WMC, JCR, HFA, and RSU are all New Jersey citizens, as they are all New Jersey corporations having New Jersey principal places of business (id. at 1-2), see 28 U.S.C. § 1332(c)(1); and the plaintiff alleging that EZD is "a New Jersey corporation doing business within . . . New Jersey" (Compl., at 2); but it appearing that EZD is a limited liability company;[2] and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company), Hart v. Terminex Int'l, 336 F.3d

---

[1] Westlaw's "People" library lists the plaintiff as living, and being registered to vote, in Toms River, New Jersey.

[2] See https://www.accessnet.state.nj.us/home.asp (listing limited liability company — but no corporation — named "EZ Driveways").

2

541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and it appearing that the plaintiff has failed to properly allege EZD's citizenship; and

**THE COURT**, due to the plaintiff's deficient allegations, being unable to determine if she is deemed a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court advising the plaintiff of the intention to dismiss the complaint for lack of jurisdiction unless the plaintiff (1) demonstrated that she was a Pennsylvania citizen on December 20, 2006, with supporting documentation, (2) properly analyzed each membership layer, and alleged the citizenship, of EZD as of December 20, 2006, with supporting documentation, and (3) demonstrated jurisdiction (OTSC, at 3);[3] and

**THE PLAINTIFF BEING CAUTIONED** against merely restating the citizenship allegations found in the complaint; and the plaintiff

---

[3] The Court advised the plaintiff to refrain from merely providing the names of EZD's officers or managing members. Non-managing members also must be listed for this analysis.

being advised that allegations as to where a party or a member of a party resides, is domiciled, is licensed, or has a place of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship," Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and the Court advising the plaintiff that a response that is upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction, will result in the dismissal of the complaint, see Lewis v. Consol. Freightways Corp., No. 04-6102, 2005 WL 503317, at *1 (E.D. Pa. Feb. 28, 2005) (stating citizenship allegation that is upon information and belief is insufficient), Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is upon information and belief "does not convince the Court that there is diversity among the parties"), Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure 11); and it appearing that when a plaintiff is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity," CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

4

**THE PLAINTIFF** being advised that a dismissal would be without prejudice to reinstate the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint (OTSC, at 4), see Young v. Clantech, Inc., 863 F.2d 300, 301 (3d Cir. 1988), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**THE PLAINTIFF** failing to respond to the Court's inquiry, even though the time to do so elapsed two days ago, on January 29, 2007 (OTSC, at 5); and thus the Court intending to (1) grant the order to show cause, and (2) dismiss the complaint without prejudice to reinstate the action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.[4]

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

---

[4] The plaintiff's counsel should refrain from moving for reconsideration of the order and judgment on the ground of not being notified of the order to show cause. The order to show cause had been on the electronic docket for over three weeks. It is the duty of the plaintiff's counsel to monitor the electronic docket on a regular basis, regardless of whether counsel receives any notification of an inquiry by the Court. See Fox v. Am. Airlines, 389 F.3d 1291, 1294 (D.C. Cir. 2004). The plaintiff's counsel is free to pursue these state law claims in state court.